# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

     Plaintiff,

v.

JAMES COX, et al.,

     Defendants.

Case No. 2:11-CV-00249-KJD-PAL

**ORDER**

Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (##2, 3).  Specifically, the Plaintiff seeks that the Court Order immediate injunctive relief which would "restrict the administration located at the Southern Desert Correctional Facility from delaying, hendering [sic], and interfering with this inmates [sic] and other's access to court."  (#2 at 1.)

Plaintiff avers that Defendants have reduced the number of inmates who can access the law library, and eliminated the "time restraint access" which he avers is "essential" to allow inmates to timely respond to legal filings in accordance with the Federal and Local rules.  (Id.)  Additionally, Plaintiff avers that the Defendants have denied access to the prison law library and screened access to inmates capable of providing legal assistance to other inmates in criminal or civil litigation.  Additionally, Plaintiff claims that Southern Desert Correctional Facility should provide additional space for inmates to conduct legal research, and that the time required to exhaust administrative remedies through the administrative grievance process impedes inmates' access to court.  Upon review of the Motion, the Court finds that Plaintiff fails to demonstrate a need for injunctive relief.

**I. Legal Standard for Injunctive Relief**

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies.  See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982).  In each case, the

1  Court must balance the competing claims of injury and must consider the effect on each party of the

2  granting or withholding of the requested relief.  All courts agree that the plaintiff must satisfy the

3  general equitable requirements by showing a significant threat of irreparable injury and that the legal

4  remedies are inadequate.  See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

5  The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the

6  merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance

7  of hardships, and whether any public interest favors granting the injunction.  See American

8  Motorcycle Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983).  An alternative test permits the

9  plaintiff to meet its burden by showing either a combination of probable success on the merits and

10  the possibility of irreparable injury or serious questions as to these matters and the balance of

11  hardships tips sharply in plaintiff's favor.  See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378

12  (9th Cir. 1987).  These are not separate tests but the outer reaches of a single continuum.  See L.A.

13  Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980.)

14          Here, Plaintiff cannot show the exigent circumstances necessary for injunctive relief.  He fails

15  to demonstrate the probability of success on the merits of his action or the threat of irreparable injury

16  absent injunctive remedy.  Moreover, it is well-accepted within this District that the Nevada

17  Department of Corrections' three-level procedure for the filing of inmate grievances—which

18  Plaintiff attacks here—adequately "define[s] the boundaries of proper exhaustion" required by

19  federal law.  See Neff v. Bryant, 2011 WL 294377 (D. Nev. Jan. 2011); Jones v. Bock, 549 U.S. 199,

20  218 (2007).

21  **II. Conclusion**

22          Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining

23  Order (#2) is **DENIED**.

24          DATED this 15th day of February 2011.

25          _____

26                                              Kent J. Dawson
                                                United States District Judge

2